63 So.2d 514 (1953)
HOSKINS
v.
JACKSON GRAIN CO.
Supreme Court of Florida, en Banc.
February 20, 1953.
Mabry, Reaves, Carlton, Anderson, Fields & Ward, Tampa, for appellant.
Cooper & Cooper, Tampa, and Bryant & Martin, Lakeland, for appellee.
THOMAS, Justice.
In an opinion filed the 20th day of February, 1953, in the case of Corneli Seed Company v. Ferguson, Fla., 64 So.2d 162 we decided that a seed merchant may not escape liability for varietal difference between the seed represented for sale and the seed actually purchased by the planter. That decision requires a ruling in favor of the appellant on the first question presented in the instant case.
Another question arises from the appearance in the pleading of an allegation of fact, common to the cited case but not made the ground of a question there. We won't undertake to quote the averments or the motion directed to them for the point may be simply stated without such reference: would the lack of privity between the wholesaler and the planter afford an escape for the former from liability to the latter for disparity in variety, the shipment of the seed having been made to the retailer and having been delivered by him to the planter?
The general rule that an ultimate purchaser may not sue the wholesaler is not an absolute one and it seems to be losing force with the passage of time. For instance, this court has recognized the principle "that as to items of foods or other products in the original package which are offered for sale for human consumption or use generally, a person who *515 purchases such items in reliance upon the express or implied condition or assurance that they are wholesome and fit for the uses or purposes for which they are advertised or sold, and who is injured as the result of unwholesome or deleterious substances therein which are unknown to the buyer, may hold either the manufacturer or the retailer liable * * *." Cliett v. Lauderdale Biltmore Corp., Fla., 39 So.2d 476, 477.
One of the opinions used as basis for this pronouncement is found in Blanton v. Cudahy Packing Company, 154 Fla. 872, 19 So.2d 313, where it was written that the liability attached regardless of privity of contract.
There is a conflict of opinion about the accountability of a manufacturer to a consumer on the theory of implied warranty in the absence of privity, but this court has become aligned with those courts holding that suit may be brought against the manufacturer notwithstanding want of privity.
But we will not stop here, for aside from the doctrine of implied warranty there is, in our opinion, a sound and just reason for holding that in case of purchase by a farmer of seed that are shown to be of a variety different from that represented, the wholesaler is responsible directly to the farmer for any resulting damage.
Where one violates a penal statute imposing upon him a duty designed to protect another he is negligent as a matter of law, therefore responsible for such damage as is proximately caused by his negligence. And, obviously, if a person negligently injures another liability cannot be affected by the fact that the two were not acquainted, or had not dealt directly with each other.
The law with reference to labeling seed is definitely penal, and was just as definitely intended to protect the farmer. Relevant parts of it follow: "Each container of agricultural or vegetable seed sold, offered for sale * * * or distributed within this state for sowing or planting purposes shall bear thereon or have attached thereto, in a conspicuous place, a label or tag plainly written or printed in the English language," giving certain information about the kind and variety of the seed within. Sec. 578.09, Florida Statutes 1951, and F.S.A. The law further provides that "It shall be unlawful for any person to sell, offer for sale, expose for sale, transport or distribute any agricultural or vegetable seed within the state: * * * (b) Not labeled in accordance with the provisions of this law, or having false or misleading labeling." Sec. 578.13, Florida Statutes 1951, and F.S.A.
We think that when seed bearing a label showing a certain kind or variety are sold, and upon planting yield produce of a different kind or variety the wholesaler is rendered liable for the negligence growing out of the "false and misleading labeling."
Such an interpretation seems to us only fair because one who produces seed should know what he is doing and he is the only one who could know exactly what variety or kind of seed had been placed in the package offered for profit to himself for he is the only person familiar with the origin of the seed. In many instances the variety of seed cannot be determined from inspection so it would be impossible for the retail merchant or the planter to know what the seed would produce until the harvest, and then it would be too late to remedy the error if the seed did not conform to representation.
This point is illustrated by the fact with which we dealt in West Coast Lumber Company v. Wernicke, 137 Fla. 363, 188 So. 357, 358. There, a farmer had bought, or thought he had bought, Texas Seed Ribbon Cane seed only to discover that sixty per cent of his crop was Kaffir Corn. The evidence demonstrated that it was "difficult for an expert, even, to determine from a casual examination the difference" between the two varieties, and, as the grower was greatly damaged by the mislabeling which could not be detected until the harvest, the court decided he could recover.
It seems to us it would be utterly unsound and unfair to hold that if a planter bought seed of a certain variety knowing that variety to be best suited for the soil of his farm and the climatic conditions prevailing there, and found later to his sorrow *516 that a different variety in deficient amount or of poor quality was produced from seed having the same appearance as that he thought he had bought, he could not recover from the one who knew the origin and history of the seed, simply because the farmer got them direct from retailer who knew no more about them than he.
Precious time is spent in producing a crop. Often a season, sometimes a year, is lost when there is a failure. Recompense for such a loss traceable to the mislabeling of seed by one who knew the origin of the seed he was selling for gain, but who carelessly misnamed them, should not depend on the slender circumstance of direct dealing between the wholesaler and the farmer.
After careful study of this record we are impelled to reverse the judgment.
Reversed.
HOBSON, C.J., and TERRELL, SEBRING, ROBERTS, MATHEWS and DREW, JJ., concur.