142 So.2d 735 (1962)
Robert A. ROZEN, Appellant,
v.
CHRYSLER CORPORATION, a Delaware Corporation, Appellee.
No. 61-698.
District Court of Appeal of Florida. Third District.
June 26, 1962.
Rehearing Denied July 12, 1962.
Marwin S. Cassel and Julian R. Benjamin, Miami, for appellant.
Mershon, Sawyer, Johnston, Simmons & Dunwody and James E. Glass and W.O. Mehrtens, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by plaintiff below from a summary judgment entered for defendant, Chrysler Corporation, by the Civil Court of Record for Dade County.
The plaintiff sued the defendant for alleged breach of warranty in connection with the purchase of a new Plymouth automobile from one of the defendant's local dealers. The plaintiff alleged in his complaint that he purchased a new Plymouth automobile from the defendant through Dwight W. Broeman's Plymouth Center, Inc., of Miami, Florida; that the dealer and the defendant warranted and represented the said automobile to be well constructed, without defective parts, and to be suitable as a passenger automobile for private use; that the plaintiff relied upon the truth of the said representations and warranty; that the said automobile was not well constructed, contained defective parts and was not suitable for use as a general passenger automobile, and continually broke down and failed to operate properly; that it has been necessary for the plaintiff to have the said automobile repaired at great cost to the plaintiff and he was finally forced to sell the said automobile at a great loss; all of which was made known to the defendant. Plaintiff's claim is for damages for the alleged breach of warranty.
The defendant filed a motion to dismiss the complaint and also a motion to strike portions of the said complaint. Before hearing was had on these motions the defendant moved for a summary judgment on *736 the grounds that the pleadings, depositions and affidavits on file show that there is no genuine issue as to any material fact and that the defendant is entitled to a summary final judgment as a matter of law. The defendant supported its motion with an affidavit of the secretary of Chrysler Corporation and Chrysler Motors Corporation.[1] The plaintiff filed his affidavit in opposition to the motion.[2] There was also before *737 the court the deposition of the plaintiff.
Upon hearing, the trial judge granted a summary final judgment which reads as follows:
"This cause came on to be heard upon the motion of the Defendant, Chrysler Corporation for summary judgment in its favor, based upon the complaint, the deposition of the Plaintiff, Robert A. Rozen, the affidavit of G.T. Higgins in support of the motion and the affidavit of Robert A. Rozen in opposition thereto, and the Court having heard argument of counsel, finds that there is no genuine issue as to the following material facts: the Plaintiff, on February 17, 1960, purchased from Dwight W. Broeman's Plymouth Center, Inc. of Miami, Florida, a 1960 Plymouth Model Fury 8, Type Sport Coupe and received the standard written warranty issued in conjunction with the sale of the said automobile, the material portions being set out in the affidavit of G.T. Higgins, and thereafter the Defendant Chrysler Corporation fulfilled its obligations by paying all statements submitted to it under the above warranty for the cost of parts and labor to repair or replace any alleged defects in material or workmanship on said automobile, and the Court being of the opinion that the said written warranty being expressly in lieu of all other warranties, express or implied, limits the liability of Chrysler Corporation to the terms of the said warranty and that the said Defendant has fully fulfilled all of its obligations thereunder, it is thereupon,
"CONSIDERED, ORDERED and ADJUDGED that the motion of the Defendant Chrysler Corporation for summary judgment be and the same hereby is granted and that the Plaintiff's complaint be and the same hereby is dismissed with prejudice at Plaintiff's costs.
"DONE and ORDERED at Miami, Florida this 4th day of October, 1961."
The main point argued by the plaintiff in this appeal is whether it was error for the trial court to grant the summary final judgment. Since, after careful review, the record fails to disclose any genuine issue as to any material fact, the answer to this question will be found by determining whether the trial judge was correct in ruling that a written warranty of an automobile manufacturer containing a clause that is expressly in lieu of all other warranties express or implied, limited the liability of the manufacturer to the terms of the warranty and excluded any other warranty express or implied which was in conflict with the written warranty.
Our Supreme Court has repeatedly held that summary judgment should be entered where there is no genuine issue as to any material facts and such facts show that the asserted claim is without merit since nothing could be accomplished by submitting the case to the jury. Fields v. Quillian, Fla. 1954, 74 So.2d 230; Ryan v. Unity, Inc., Fla. 1951, 55 So.2d 117; Clark v. City of Atlantic Beach, Fla.App. 1960, 124 So.2d 305.
*738 In the case at bar, the record clearly shows that the defendant complied with the terms of the written warranty. As to any other warranties which the plaintiff asserts, we find that the law of this state is that there can be no express or implied warranty contrary to such a written warranty as is here involved. See Steinhardt v. Consolidated Grocery Co., 80 Fla. 531, 86 So. 431.
Accordingly, the summary final judgment appealed from is affirmed.
Affirmed.
NOTES
[1] The defendant's affidavit in substance is as follows: That Chrysler Motors Corporation, a Delaware corporation, entered into a written "Plymouth Direct Dealer Agreement" with Plymouth Center, Inc., of Miami whereby Plymouth Center, Inc., acquired the nonexclusive right subject to provisions of the agreement to purchase from Chrysler Motors Corporation for resale at retail new Plymouth passenger cars. That the agreement, among other things, specifically provided that:

"No warranties, express or implied, are made or will be deemed to have been made by either PLYMOUTH or the manufacturers of the products sold under this agreement except the following warranty against defective materials or workmanship, for which PLYMOUTH accepts responsibility:
"The manufacturer warrants each new motor vehicle manufactured by it to be free from defects in material and workmanship under normal use and service, its obligation under this warranty being limited to making good at its factory any part or parts thereof, including all equipment or trade accessories (except tires) supplied by the car manufacturer, which shall, within ninety (90) days after making delivery of such vehicle to the original purchaser or before such vehicle has been driven four thousand (4,000) miles, whichever event shall first occur, be returned to it with transportation charges prepaid, and which its examination shall disclose to its satisfaction to have been thus defective; this warranty being expressly in lieu of all other warranties express or implied and of all other obligations or liabilities on its part, and it neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of its vehicles.
"This agreement does not create the relation of principal and agent between PLYMOUTH and DIRECT DEALER, and under no circumstances is either party to be considered the agent of the other."
That neither Chrysler Corporation nor Chrysler Motors Corporation was ever a party to the sale of the automobile in question; that the only warranty made by Chrysler Motors Corporation with respect to said automobile is set out and quoted above; that neither Chrysler Corporation nor Chrysler Motors Corporation has ever in any manner represented and warranted to the general public or the plaintiff that the said automobile was well constructed without defective parts and suitable for use as a passenger automobile; that it has never at any time authorized Plymouth Center, Inc., to make any representations or warranties whatsoever with regard to the automobiles sold by it; that at the time the plaintiff claims to have purchased the said automobile Chrysler Motors Corporation furnished authorized dealers with each such automobile and owner service certificate to be issued by selling dealer on its own behalf, reciting the warranties quoted above, but stating on its face that the warranty was extended by the selling dealer as if the dealer's name were substituted for the manufacturer and the dealer's place of business substituted for the manufacturers' place of business.
[2] Material portions of plaintiff's affidavit in opposition to the motion for summary judgment read as follows:

"* * * 1. Your affiant has read the Complaint filed in this cause on his behalf and states that all things contained in said Complaint are true and correct.
"2. Your affiant states that individuals who identify themselves as agents of the CHRYSLER CORPORATION and who made representations to the defendant that they were representing the CHRYSLER CORPORATION from time to time assured him that the CHRYSLER CORPORATION would discuss with him the problems which arose in reference to the Chrysler product purchased by your affiant and the subject matter of this lawsuit.
"3. That your affiant is without knowledge of any agreements between CHRYSLER CORPORATION and Plymouth Center, Inc., further that he was never shown said agreement and had absolutely no knowledge of any agreement between Plymouth Center, Inc. and CHRYSLER MOTORS CORPORATION dated August 18, 1959 referred to in the Affidavit of G.T. Higgins.
"4. Your affiant states that on October 24, 1960 one BARON BATES of the Public Relations Department of PLYMOUTH-DeSOTO VALIANT DIVISION of CHRYSLER MOTORS CORPORATION, Detroit 31, Michigan, advised your affiant by letter that the Service Department of Plymouth-DeSoto Valiant Division of CHRYSLER MOTORS CORPORATION, Detroit 31, Michigan, was giving this Complaint to the Service Department for immediate investigation.
"5. Your affiant further states that on November 3, 1960 R.W. MOELLER of the Service Department of Plymouth-DeSoto Valiant Division of CHRYSLER CORPORATION, Detroit 31, Michigan, advised your affiant by letter that Mr. Ed Subbot, the Service Manager of BASS CHRYSLER-PLYMOUTH would conclude the matter with your affiant on behalf of Plymouth-DeSoto Valiant Division of CHRYSLER CORPORATION, Detroit 31, Michigan."