### F & C TRACTOR & EQUIPMENT CO. v. DESANDOLO.
No. 64-6-858.
Circuit Court, Palm Beach County.

May 23, 1966.

Levy & Levy, West Palm Beach, for plaintiff.

Fisher, Prior, Pruitt & Schulle, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

This cause was duly presented by counsel after notice, and upon consideration it is ordered and adjudged that plaintiff's motion for summary judgment is granted.

It appears that the seller's written warranty was limited to the replacement of defective parts, and expressly excluded all other warranties of any nature.

The defendant in his deposition concedes that the plaintiff replaced defective parts — he complains in effect of the lack of fitness of the machine involved.

The defendant in his counterclaim alleges that he "lost numerous contracts and the resulting profits from his business" as a result of the failure of the machine to perform "according to its ordinary or general purpose."

A claim of that nature will not lie under the circumstances of this case, with the narrow warranty provisions of the parties' contract. See American Can Co. v. Horlamus Corp., 341 Fed. 2d (5th Cir.); and Rozen v. Chrysler Corp., 142 So.2d 735 (Fla. D.C.A.3).