CARROLL, Judge
(concurring specially).
I concur because of the holding of this court in the Rozen case, followed in the Friedman case, in neither of which decisions did I participate.
By affirming the summary judgment in this case in favor of the defendant Ford Motor Company on the authority of the cited cases, we necessarily espouse the propositions of law involved here that when a new automobile (in this case a Lincoln Continental costing in excess of' $6,500) sold by a franchised dealer is materially defective mechanically and operationally, does not respond to reasonable efforts at correction or repair and proves to be what is known in the trade as a “lemon”,, the purchaser does not have a cause of action against the manufacturer for breach of implied warranty of fitness, because of absence of privity and because a manufacturer of automobiles, by entering into an agreement with its dealer specifying certain express warranties limits its warranty liability to those expressed, and thereby relieves-itself of any implied warranty of fitness..
In my opinion such holdings are deserving of reconsideration. See Hoskins v. Jackson Grain Co., Fla.1953, 63 So.2d 514; Matthews v. Lawnlite Company, Fla.1950, 88 So.2d 299; Continental Copper & Steel Indus, v. E. C. “Red” Cornelius, Fla.App.1958, 104 So.2d 40; Sperry Rand Corporation v. Industrial Supply Corporation, 5 Cir.1964, 337 F.2d 363, 370-371.