207 So.2d 67 (1968)
Frank CROWN, Appellant,
v.
CECIL HOLLAND FORD, INC., a Florida Corporation, d/b/a Ed Morse Ford and Morse-Holland Ford and Ford Motor Company, a Delaware Corporation, Appellees.
No. 67-56.
District Court of Appeal of Florida. Third District.
February 6, 1968.
Rehearing Denied March 6, 1968.
*68 A. Jay Cristol and Allen Kornblum, Miami, for appellant.
Dean, Adams, George & Wood and George Bunnell, Jeanne Heyward, Miami, for appellees.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
SWANN, Judge.
This is an appeal by the Plaintiff, Crown, from an adverse summary judgment in an action against the manufacturer, Ford, and its dealer. The suit was to recover for injuries sustained in an accident alleged to have been caused by defects in a Ford car purchased from the Defendant dealer. The Plaintiff proceeded upon allegations of negligence and implied warranty, claiming, inter alia, that the left upper ball joint in the wheel was defective in that it was made of unsound material and was improperly manufactured, assembled or fitted so as to cause the Plaintiff's accident. Only the implied warranty aspect, however, has been brought before us on appeal.
The Plaintiff received a new car warranty from the dealer, which purported to limit the responsibility of both the manufacturer and its selling dealer to repair or replacement of certain defects which might become known.
The new car warranty given to Crown provided, in part:
"There is no warranty, express or implied, made by either the Ford Motor Company or the selling dealer on New Ford vehicles except the following direct company vehicle warranty * * *.
This warranty is expressly in lieu of any other express or implied warranty, including any implied warranty of merchantability or fitness or of any other obligation on the part of the company or the selling dealer."
Apparently, the trial court based its summary judgment upon Rozen v. Chrysler Corporation, Fla.App. 1962, 142 So.2d 735, and Friedman v. Ford Motor Company, Fla.App. 1965, 179 So.2d 371, which were overruled in Manheim v. Ford Motor Company, Fla. 1967, 201 So.2d 440. There, the Supreme Court held that a similar warranty did not protect a manufacturer from an action in implied warranty. The only important difference between the warranty in Manheim and the warranty herein, is that this warranty also included the dealer and in Manheim, it included only the manufacturer, Ford. The court in Manheim stated:
"* * * we conclude that neither the absence of privity between the manufacturer and a purchaser such as Manheim, nor the execution of a written warranty agreement between the manufacturer and its dealer of the kind hereinbefore appearing operates to preclude recovery on the basis of implied warranty of a product due to its defects and lack of fitness and suitability." [Id. at 201 So.2d 442]
The Court went on to adopt the position that
"* * * even a provision in a contract of sale that the contract contains all of the agreements between the parties does not preclude an implied warranty of merchantability." [Id. at 201 So.2d 442] See also Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1. (1960)
The appellee has sought to avoid application of Manheim on the ground that the Ford Dealer was acting in the capacity of *69 agent contracting on behalf of a disclosed principal and that within the scope of his authority as agent, he cannot be held liable for breach of implied warranty. In support thereof, the appellee has cited Smith v. Platt Motors, Inc., Fla.App. 1962, 137 So.2d 239 and Hardee v. Gordon Thompson Chevrolet, Inc., Fla.App. 1963, 154 So.2d 174.
Platt, however, involved a situation where the Plaintiff had conceded in the allegations of his amended complaint that the dealer was the agent of the manufacturer, Ford, and at all times pertinent to the cause of action sued upon was acting within the scope of such agency. It was not alleged that the dealer made any express warranty to the Plaintiff with respect to the automobile purchased by him. Thus, the sole question was the one of implied warranty arising from the dealer's part in the transaction as agent for Ford, its disclosed principal. The allegations of the complaint in Hardee similarly established affirmatively that the Defendant dealer was acting as agent for the manufacturer, General Motors, within the scope of his authority.
In the case at bar, the pleadings do not affirmatively establish that the Defendant dealer was agent for a disclosed principal, the manufacturer, or that he acted solely within the scope of such authority if the relationship did exist. Thus, on the dealer's motion for summary judgment, where the burden is upon the moving party to demonstrate conclusively the non-existence of any material issues of fact, it was the dealer's burden to present the facts necessary to establish this relationship conclusively. His request for this admission having been contested and our examination of the record disclosing no conclusive proof, we find that he has not carried his burden.
We conclude, therefore, that the question before us is controlled by Manheim.
We note in passing that the transaction between the parties herein and the final summary judgment herein appealed were decided prior to the adoption of the Uniform Commercial Code, Section 672, Florida Statutes, F.S.A.
For the above and foregoing reasons, we hereby reverse the summary final judgment herein appealed and remand the same to the trial court for further action consistent herewith.
It is so ordered.