**DAVIS, et al v. J. R. FURLONG, Inc.**

No. 73-417.

Circuit Court, Indian River County, Civil Appeal.

December 4, 1973.

L. B. Vocelle, Vero Beach, for the appellant.

Simel Davis, in pro. per., appellee.

D. C. SMITH, Circuit Judge.

This is an appeal from a final judgment entered in the county court, Indian River County.

The appellee, Simel Davis, filed his statement of claim against the defendant, J. R. Furlong, Inc., seeking damages in the sum of $1,273 for allowance on automobile trade-in, plus payments made and repairs on an automobile purchased by plaintiff and not in running condition. The defendant, appellant, J. R. Furlong, Inc., filed its answer denying all allegations in the statement of claim, and filed a counterclaim against Simel Davis and Pat Garrett for $820 for balance due on note executed and delivered by the appellees to the appellant when Davis purchased the automobile, evidencing a portion of the purchase price.

The case came on for trial before the judge without a jury and the court entered a final judgment denying the defendant's counterclaim and ruling that the defendant was not indebted to the plaintiff Davis for the amount for which he sued.

The court ordered that Davis might retain the automobile and ordered the defendant to provide him with title thereto. The court also marked the note and retail order for a motor vehicle sued upon in the counterclaim cancelled.

The appellant, J. R. Furlong, Inc., filed its notice of appeal and otherwise perfected its appeal from the said judgment.

It appears from the record that it was a 1968 Pontiac that was sold by J. R. Furlong, Inc. to the plaintiff, Simel Davis, on August 4, 1972, for $1,595; that a 1966 Oldsmobile was traded in for $595;

and that the balance, plus, tax title and finance charge, totaled $1,220; that at the time of sale and purchase, plaintiff and counter-defendant, Simel Davis, and counter-defendant, Pat Garrett, executed a note for the $1,220 balance, payable $50 each two weeks, the first payment due on 8-18-72 and delivered it to J. R. Furlong, Inc.; that at the time of sale, a written retail order for a motor vehicle was executed by and between J. R. Furlong, Inc., as dealer, and Simel Davis, as purchaser; that said order contained certain terms and conditions, among which appears the following —

9. There are no warranties, expressed or implied, made by the seller herein, or the manufacturer, on the vehicle or chassis described on the face hereof except in the case of a new vehicle or chassis. The printed new vehicle warranty delivered to purchaser with such vehicle or chassis and hereby made a part hereof as though fully set forth herein is the only warranty applicable to such new vehicle or chassis and is expressly in lieu of all other warranties, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose. In the case of a used vehicle or chassis, the applicability of an existing manufacturer's warranty thereon, if any, shall be determined solely by the terms of such warranty.

10. Any used motor vehicle sold to Purchaser by Dealer under this Order is sold at the time of delivery by Dealer without any guarantee or warranty, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, as to its condition or the condition of any part thereof except as may be otherwise specifically provided in writing on the face of this Order or in a separate writing furnished to Purchaser by Dealer.

In Desandolo v. F & C Tractor and Equipment Co., Fla. 1968, 4 DCA, 211 So.2d 576, 580, the court said —

"Although the transaction involved in the present case arose before the effective date of the Uniform Commercial Code, the public policy of the state of Florida as expressed by the legislature in the Uniform Commercial Code clearly protects the right of a party to exclude implied warranties of fitness and merchantability by a written disclaimer. See F.S. 1967, Section 672.2-316."

The two provisions above quoted clearly excluded any implied warranties of fitness and merchantability. Upon the authority of Desandolo v. F & C Tractor and Equipment Co., supra, the final judgment appealed from is reversed and remanded for new trial or for the entry of judgment consistent herewith.