338 So.2d 907 (1976)
FINANCIAL FEDERAL SAVINGS AND LOAN ASSOCIATION OF DADE COUNTY, Appellant,
v.
CONTINENTAL ENTERPRISES, INC., Appellee.
No. 75-1694.
District Court of Appeal of Florida, Third District.
November 2, 1976.
Meyer, Weiss, Rose, Arkin, Sheppard & Shockett and S. Harvey Ziegler, Miami Beach, for appellant.
Goldstein & Goldstein, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
The appellant, Financial Federal Savings and Loan Association of Dade County, appeals *908 from a final judgment for the plaintiff-appellee, Continental Enterprises, Inc. Financial Federal refused to complete a pending loan after a closing at which the mortgage was signed but the funds were not disbursed. Financial Federal refused to disburse the funds on the ground that the interest rate had advanced since the time of the application for the loan and that the use of the lower interest rate was a mistake. The trial was held by the court without a jury and the trial judge made extensive findings of fact, all of which are supported by the record.
Two points are presented. The first goes to the legal effect of certain evidence and claims error because the court did not hold that Financial Federal was entitled to a judgment because of a provision in the application that: "... the Association reserves the right ... prior to the final disbursement ... to withdraw its approval and acceptance for any other reason whatsoever ..." The trial court correctly held that the application was not a binding contract upon either party and that the agreement to loan the money came into being with the acceptance of the loan by Financial Federal as demonstrated by the acceptance of the mortgage and note and agreement to disburse. Representations and negotiations which precede and accompany the making of a contract are presumed to have merged in the written contract. See Windowmaster Corporation v. Jefferson Construction Co., 114 So.2d 626 (Fla.3d DCA 1959).
The second point urges error upon the assessment of damages. The borrower was able to secure a loan at a slightly higher interest rate than that specified in its aborted loan from Financial Federal. The damage was properly measured by the additional cost of the substitute loan. But appellant urges that the damages represented by the excess of the larger payments to be made at a future time should have been reduced to present money value. Although no Florida case in contract so holding has been presented, we are inclined to this view. Cf. Hanna v. Martin, 49 So.2d 585 (Fla. 1950).
The defendant tendered the testimony of a bank officer that the loss of $6,036 capitalized at the rate of eight and three-quarters percent would be $2,447.26. This tender was objected to only upon the ground that the reduction of the gross amount of damages to present money value was improper in a contract case. In view of our holding that such a reduction would have been proper, we reverse the judgment as to damages only and remand the cause with directions to take such further testimony as the court may find proper under the views herein expressed. The court shall, thereupon, assess such damages as it finds proper based upon the evidence in this record and such additional evidence as shall be taken pursuant to the direction of this court.
Affirmed in part, reversed in part and remanded.
PEARSON, Judge (dissenting in part).
It is my view that in the instant case, error was not shown in this record because defendant's tender of evidence was not proper in substance. See the rule stated in Renuart Lumber Yards, Inc. v. Levine, 49 So.2d 97 (Fla. 1950), where the Supreme Court held that while the trier of fact is not limited to the legal rate in the reduction of future damages to a present money value, the rate must be such as "to be just and fair under the circumstances." The Supreme Court took into consideration the general public knowledge of interest rates payable on government bonds, bank deposits, building and loan association deposits, insurance contracts, and other thoroughly safe investments. I would hold that the tender did not meet this standard. No other evidence was before the court. I would, therefore, affirm the judgment.