557 So.2d 107 (1990)
STATE FARM INSURANCE CO., et al., Appellants,
v.
NU PRIME ROLL-A-WAY OF MIAMI, INC., Appellee.
No. 89-1326.
District Court of Appeal of Florida, Third District.
February 6, 1990.
*108 Charles J. Sibley, Miami, for appellants.
Butler & Burnette and John J. Pappas and Ann Marie Bosacki and Andrea Z. Evans, Tampa, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
NESBITT, Judge.
Insureds and their insurer claim the trial court erred in dismissing their claims for breach of warranty, breach of contract, and negligence. We reverse and remand based upon the following analysis.
State Farm covered its insureds, Emmett and Evelyn Barham, for losses at their home. The Barhams purchased shutters from Nu Prime pursuant to a contract dated April 14, 1986. Fourteen months after installation of the shutters, an unknown person forced open the shutters and stole personal property belonging to the Barhams. The Barhams and State Farm sued Nu Prime for breach of contract (oral), negligence, and breach of both implied and express warranty. State Farm claimed damages in the amount it had paid out pursuant to its policy, and the Barhams claimed amounts based on losses which were not paid by State Farm. After a hearing, the trial court granted Nu Prime's motion to dismiss.
Nu Prime, in its flyer advertising the shutters, stated: "When fully closed, Rollaway Shutters automatically lock to prevent break ins." The Barhams claim that they relied on that promise to their detriment. Liability for breach of warranty arises where persons or property are damaged because of a product's failure to live up to an express or implied representation by a manufacturer or supplier. Tinnerholm v. Parke Davis & Co., 285 F. Supp. 432 (S.D.N.Y. 1968), aff'd, 411 F.2d 48 (2d Cir.1969). It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty. See Manheim v. Ford Motor Co., 201 So.2d 440 (Fla. 1967). A seller's representations in newspaper advertisements, catalogues, circulars, etc., may become a part of the contract of sale and constitute an express warranty for breach of which the seller will be liable for damages to one who, in making the purchase, relies thereon to his injury. Id.; see Drier v. Perfection, Inc., 259 N.W.2d 496 (S.D. 1977) (press manufacturer's brochure relating the specifications and capacity of a particular press amounted to more than mere puffing or opinion and constituted express warranties of fact as set forth in brochure).
The burden of proof is on the plaintiff to show facts giving rise to a warranty, but a jury must ultimately determine that issue. Boehm v. Fox, 473 F.2d 445 (10th Cir.1973). In this case, appellants were not given the opportunity to prove that a promise was made by the seller to the buyer which related to the goods and became part of the basis of the *109 bargain creating an express warranty that the goods conformed to the affirmation or promise. See § 672.313, Fla. Stat. (1987). Nor were appellants given the opportunity to prove the goods were unfit for the ordinary purposes for which such goods are used. See § 672.314, Fla. Stat. (1987). Further, we note that the Nu Prime contract clause stating that all agreements were contained in the writing does not operate to bar recovery under a warranty theory. Manheim, 201 So.2d at 442, citing Sperry Rand Corp. v. Industrial Supply Corp., 337 F.2d 363 (5th Cir.1964); see also McDonald v. Sanders, 103 Fla. 93, 137 So. 122 (1931).
It is for the jury to determine whether the shutters were defective when they left the possession of Nu Prime and, if so, whether such defect was a legal cause of the Barhams' loss. The shutters were defective if they did not conform to representations of fact made by Nu Prime, orally, or in writing, in connection with their sale, and if the Barhams relied on these representations in the purchase and use of the shutters, see Fla.Std.Jury Instr. (Civ.) PL 1 Express Warranty, or if the shutters were not reasonably fit for the uses intended or reasonably foreseeable by Nu Prime, see Fla.Std.Jury Instr. (Civ.) PL 2 Implied Warranty of Merchantability.
As to the appellants' claim of breach of oral contract, ordinarily, representations and negotiations which precede and accompany the making of contracts are presumed to have merged into the final written contract. Bleemer v. Keenan Motors, Inc., 367 So.2d 1036 (Fla.3d DCA 1979); Windowmaster Corp. v. Jefferson Constr. Co., 114 So.2d 626 (Fla. 3d DCA 1959); see Financial Fed. Sav. & Loan Ass'n v. Continental Enters., Inc., 338 So.2d 907, 908 (Fla. 3d DCA 1976). Here, appellants' breach of contract action was really a claim for breach of warranties.
As to appellants' negligence claim, generally, even though a person's negligence is a cause in fact of another's loss, he will not be held liable if an act unforeseeable to him and independent of his negligence intervenes to cause the loss. Nicholas v. Miami Burglar Alarm Co., 339 So.2d 175 (Fla. 1976). In the instant case, appellants argue that the shutters which formed the basis of their contract with Nu Prime were negligently installed.
In Cooper v. IBI Security Service of Florida, 281 So.2d 524 (Fla.3d DCA), 287 So.2d 95 (Fla. 1973), an insurance company entered into a contract with a security company for the latter to provide guards to accompany premiums collectors on rounds of known dangerous routes. Thereafter, a guard was not provided and a collector proceeded on his route without such protection and was assaulted. This court determined that the foreseeable acts of third persons were not superseding causes insulating prior tort-feasors from liability as a matter of law, where such acts combined with the tort-feasor's negligence to bring about harm. The court held instead that such acts were merely concurrent causes. We conclude that the foreseeability that a criminal might force open improperly installed shutters is sufficient to withstand a motion to dismiss for lack of proximate cause, see Cooper, 281 So.2d at 526. Therefore, appellants should be given the opportunity to prove this claim to a jury.
Accordingly, we reverse the trial court's order dismissing the claims of negligence and breach of warranties and remand for further proceedings.