303 So.2d 385 (1974)
William Joseph SORRELLS, As Father and Next Friend of Lynda Sorrells, a Minor, and William Joseph Sorrells, Individually, Appellants,
v.
Lucille MULLINS, D/B/a Cathy's Play School, and Lucille Mullins, Individually, Appellee.
No. 74-305.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied December 9, 1974.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and John M. Brumbaugh, Miami, for appellants.
Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Appellants, plaintiffs in the trial court, appeal an adverse summary final judgment entered in an action for negligence and gross negligence.
The amended complaint alleges, in essence, that defendant was grossly negligent, as well as negligent, in allowing one Smith to help with the children at defendant's play school where plaintiffs were paying for care and schooling. The thrust of plaintiffs' complaint was that defendant was guilty of such negligence in that she knew, or had reason to know, that Smith had a propensity for sexually molesting minor children and for sodomy.
Viewing the evidence adduced by affidavits and deposition in the light most favorable *386 to the plaintiffs, defendant allowed Smith, her step-brother, to live, rent free, above the play school. He performed odd jobs around the school, and defendant had him pick up plaintiff's child and deliver her to and from school. Defendant admitted that on one occasion she found Smith in her home, alone with the said child. Defendant further testified that she was aware of the State of Florida Department of Health and Rehabilitative Services Minimum Standards for Child Care Programs,[1] but that she failed to make inquiry as to Smith qualifications thereunder. There was also evidence that Smith had spanked the children in the presence of the defendant.
We find that there is a genuine issue of material fact as to the negligence of the defendant. While the record does not support allegations in the pleadings that the defendant had actual knowledge of Smith's sexual propensities, nevertheless, there is sufficient evidence in the record to substantiate an action for negligence, and for this reason the court should not have entered summary final judgment.
In Gold Coast Crane Service, Inc. v. Watier, Fla. 1971, 257 So. 249, a review of the district court's reversal of a summary judgment for the reason that it did not provide leave to amend, the Florida Supreme Court opined that amendment should be liberally granted in the furtherance of justice; and that if facts in the record indicate that a cause of action does exist, summary final judgment should not be entered.[2]
The evidence in the record sub judice indicates that plaintiff does have a cause of action even though it may be misstated or not pleaded at all. Compare Bernard Marko & Associates, Inc. v. Steele, Fla.App. 1970, 230 So.2d 42. The deposition of the *387 defendant reveals a genuine issue of material fact as to negligence, including possible violations of state standards for child care programs and failure to inquire into or even consider whether Smith was qualified to be working with or near children under those standards, or even under a standard of mere reasonableness.
Following the procedure defined in Roberts v. Braynon, Fla. 1956, 90 So.2d 623, and in Hart Properties, Inc. v. Slack, Fla. 1964, 159 So.2d 236, we affirm the summary judgment but without prejudice to the plaintiff filing an amendment to the complaint within the facts appearing of record; and we remand to the trial court for further proceedings not inconsistent herewith.
Affirmed in part, reversed in part.
NOTES
[1] "PERSONNEL QUALIFICATIONS:

The personnel of a child care program shall be qualified through training and experience ...
Persons caring for infants should be qualified by training or practical experience in the care of infants and young children. They must be neat and clean in personal appearance, cheerful, friendly and well disposed toward children.
The operator and all personnel of a child care program or family day care home and all members of the operator's family or other persons living on the premises must be of good character and must have no personal habits or handicapping infirmities which will have a detrimental influence on the children in care. (Emphasis added)
RESPONSIBILITIES:
At all times, one responsible adult must be designated in writing as being "in charge." The adult regularly and directly in charge of a child care program must not be otherwise engaged during program hours. Children must not be left without responsible adult supervision at any time." (Emphasis added)
[2] "Florida Rule of Civil Procedure 1.190, 30 F.S.A. provides for amendments `at any time in furtherance of justice,' and `even after judgment.' It is the policy of our rules that amendments to pleadings be liberally allowed in the interest of justice so that the merits of the case may be reached for adjudication whenever possible. ... (emphasis added)

In Roberts v. Braynon, 90 So.2d 623 (Fla. 1956) this Court found that the record did not preclude all possibility of a showing of a cause of action. Therefore, the summary judgment was affirmed, but the affirmance was without prejudice to the plaintiff to move for leave to amend her complaint. Likewise, in Hart Properties, Inc., v. Slack, supra, we held that in circumstances such as this where a summary judgment should be entered, yet the matters presented indicate that the unsuccessful party may have a cause of action if properly pleaded, the correct procedure is to enter the summary judgment with leave to the party to amend.
The interests of justice require this cause to be remanded to the trial court for the purpose of allowing respondent to attempt a successful amendment of her complaint, under the record facts indicating such reasonable possibility here.
Amendment is not an arbitrary right in every case upon the granting of a summary judgment, if there are no reasonable indications in the record that a justifiable issue can be made upon amendment to conform to those facts so appearing at the time of the entry of the summary judgment; but where so indicated, as here, the litigant is entitled to that opportunity, as this Court has held." Gold Coast Crane Service, Inc. v. Watier, Fla. 1971, 257 So.2d 249, 250.