339 So.2d 698 (1976)
Michael FORTE and Oak Grove Gardens, Inc., Etc., Appellants,
v.
TRIPP & SKRIP et al., Appellees.
Nos. 75-1693, 75-1964.
District Court of Appeal of Florida, Third District.
November 23, 1976.
*699 Storace, Hall & Hauser, Miami, for appellants.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Paige & Catlin, Sam Daniels, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
The appellants were plaintiffs in the trial court. They brought an action for damages against the appellees as defendants, alleging a fraud and a misrepresentation as to certain applicable zoning regulations pertaining to a particular piece of property. The defendants counterclaim to recover the balance of the architectural fees due them for services performed.
Subsequent to numerous depositions and affidavits and an earlier motion for summary judgment, resulting in a favorable ruling for one of the original defendants, the trial court entered a summary judgment in favor of the defendants on the original cause of action and in favor of the architects on their counterclaim. This appeal ensued.
The appellants contend that so much of the record as they brought up here demonstrates a genuine issue of a material fact as to whether or not an actual misrepresentation was committed by the architects. The record on appeal reveals the following:
In 1971, the appellants (Forte and Oak Grove Gardens, Inc.) purchased the Pflueger Tract, based upon the alleged representation by the appellees that the County zoning had been resolved. The zoning regulation of Metropolitan Dade County as to off-street parking had been changed prior to the date of sale. As a result, the project proposed to be built on the land by the appellees had to comply with a higher off-street parking requirement. It is alleged that the appellees failed to inform the appellants of the higher off-street parking requirements. There was testimony by the appellee, Skrip, that the County had approved the project under the prior zoning requirement as opposed to the higher off-street parking requirement. In 1972, after the plans for the project were submitted for building approval, the appellee (Skrip) testified that the County would not go along with the parking requirements which, he contended, had been previously agreed upon. As a result, the appellants were required to comply with the additional parking requirements and eliminate the fourth building of the project until the parking issue could be resolved. During resolution of the problem, the County denied that it ever approved the old parking requirements on the property. Notwithstanding the appellees' representation, the problem was resolved by way of court order by obtaining a building permit. Appellants, as a result of the alleged misrepresentation, were delayed in excess of one year from completing the project and, thereupon, filed this action.
The appellees contend that there can be no reversal in this case because the entire record was not brought into this court, citing Butler v. Metropolitan Dade County, 298 So.2d 552 (Fla. 3rd DCA 1974); Fernandez v. Arocha, 308 So.2d 45 (Fla. 3rd DCA 1975). We agree that normally a summary judgment will not be reversed when the entire record is not brought before the appellate court. However, in this case, the appellants did bring sufficient record to show a genuine issue as to whether or not (1) they were in fact architects working on behalf of the appellants at the crucial time in this matter, and (2) whether or not, during the time the architects were allegedly employed by the appellants, they did in fact make either actionable representations or were in fact negligent in the performance of their professional duties. Graulich v. Fredric H. Berlowe & Associates, Inc., 338 So.2d 1109 (Fla. 3rd DCA 1976).
*700 The appellees respond to this by pointing out that in the original pleadings in this matter the plaintiffs denominated the architects as agents of the previous owners of the property. We concede that the pleadings in this cause before us are not a model of clarity. However, it is apparent from the depositions, affidavits, and other documents in this file that there is a genuine issue of fact as to whose agents these architects were and at what particular time. The appellees say we cannot look beyond the issues presented in the pleadings; with this we disagree. See the recent opinion of this court found in Sorrells v. Mullins, 303 So.2d 385 (Fla. 3rd DCA 1974) which, in effect, holds that even though we may sustain the entry of a summary judgment on the record as presented to us, because of the way the pleadings may have been framed initially we may affirm same without prejudice to the matter being returned to the trial court to permit amendments to state a cause of action or defense, as may be revealed in the depositions and affidavits which are before the court on the appellate record. This decision seems to be consistent with the modern trend of authorities that a party should not be deprived of his full day in court by summary proceedings, if the record indicates that he has a bona fide potential cause of action or defense. See: Roberts v. Braynon, 90 So.2d 623 (Fla. 1956); Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963); Gold Coast Crane Service, Inc. v. Watier, 257 So.2d 249 (Fla. 1971).
Therefore, the summary judgments here under review be and they are affirmed, with directions. Upon this matter being returned to the trial court, the plaintiffs may file such amendments to their pleadings as they may be advised.
Affirmed, with directions.
HENDRY, J., participated in decision, but not in oral argument.