McNULTY, Acting Chief Judge.
In this interlocutory appeal we reverse an order dismissing with prejudice Count IV of appellants’ four-count complaint.
The various appellants were developers of condominium communities in and about the City of Tarpon Springs. They incorporated into a committee (appellant Tarpon Temporary Sewer Committee, Inc., hereinafter Committee) so as to enter into a contract with the appellee City, which contract forms the underlying basis of this action.
Essentially, the subject contract provided that in return for the City agreeing to grant preference in the issuance of building permits and sewer tap permits to the developer members of the Committee, the Committee agreed to construct a temporary sewage treatment plant and disposal system. The contract further contemplated that the temporary system ultimately would tap into the City’s existing permanent sewage treatment plant. Accordingly, Section 4 of the contract provided that
“. . . it is understood that any improvements to the City collector system which are required to accommodate the increased flow from the taps authorized hereunder are to be made and paid for at the expense of the Committee or its participants, and the sewer taps for a particular location may be withheld until the work on the portion of the collector system which serves that particular location has been paid for.”
Pursuant to the contract, the temporary sewage treatment plant was constructed and paid for by the Committee. Thereafter, however, the City enacted certain ordinances which increased sewer tap fees. Additionally, the City began billing the Committee’s participants at the rate of 28 cents per gallon of daily flow into the existing permanent system, which monies were earmarked for improvements to the permanent system as contemplated by the aforequoted Section 4. '
Appellants initiated this action assailing both the increased regular tap-in fees and the aforesaid 28 cents per gallon surcharge for improvements to the permanent system. The First two counts of the complaint relate to the increased tap-in fees; and motions addressed against those two counts were denied. Counts III and IV relate to the 28 cents per gallon surcharge, Count III seeking a declaratory decree and injunctive relief and Count IV seeking damages. Motions addressed to Count III met the same fate as those addressed to the first two counts; but a motion to strike Count IV in its entirety, based on the ground that plaintiffs/appellants failed to allege that they had performed all conditions precedent on their part to be performed, was granted. *409 Specifically, the motion lamented the failure expressly to allege payment or tender of sufficient monies to improve the City’s temporary system as may be necessary to accommodate any increased flow from taps authorized by the contract. This appeal ensued.
We parenthetically interpose to say here that many of the damages sought under Count IV may not be recoverable;[1] but assuming a breach on the part of the City and assuming the payment by some or all of the Committee’s participants of an unauthorized surcharge, recovery may be had for return thereof. We allude to this only for the reason that, had there been no damages alleged at all which were legally recoverable, the count was amenable to an order striking it in its entirety in any event; and the order so striking it would have to be affirmed even though it perhaps was predicated on the wrong reasons.
Concerning now the merits of the grounds upon which Count IV was indeed stricken, a reading of that count clearly reveals that appellants did allege generally that they “had complied with all their duties and obligations under the above-referenced contract . . . .” Additionally, a copy of the contract to which reference may have been made so as to ascertain these “duties and obligations” was appended to the complaint. We think those general averments together with the appended copy of the contract were sufficient under the Fla.R.Civ.P. 1.120(c), which provides:
“(c) Conditions precedent. — In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.”
In any case, even if the court thought them insufficient, dismissal of the entire Count IV ought not have been with prejudice. Leave should have been given to amend.[2]
In view whereof, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES, J., and DREW, E. HARRIS (Ret.), Associate Judge, concur.

. See Hadley v. Baxendale, 9 Exch. 341, 156 Eng.Rep. 145 (1854). See also 9 Fla.Jur., Damages § 20 et seq., relating to the duty to prevent or minimize damages, at page 367, and § 31 relating to foreseeability of damages as being within the contemplation of the parties, at page 376.

. See, e. g., Weich v. Cook, 250 So.2d 281 (Fla. 1st DCA 1971).