347 So.2d 141 (1977)
Milton B. BECKERMAN, Appellant,
v.
Bernard GREENBAUM, d/b/a Bernard Greenbaum & Associates, a Partnership, and Bernard Greenbaum & Associates, Inc., a Corporation, Appellees.
No. 76-1128.
District Court of Appeal of Florida, Second District.
June 24, 1977.
*142 Zala L. Forizs of Earle, Earle & Forizs, St. Petersburg, for appellant.
Peter D. Graham and Myron J. Mensh of Mensh, Mensh, Zacur & Graham, St. Petersburg, for appellees.
OTT, Judge.
Plaintiff/appellant appeals the entry of a summary judgment for the defendants/appellees. We affirm the summary judgment without prejudice to the appellant filing an amendment to the complaint within the facts suggested by the record.
Appellant filed his complaint alleging moneys due him under a contractual arrangement evidenced by a letter attached to the complaint. Appellant alleged generally the performance of all conditions precedent.
The letter contract provided in pertinent part as follows:
All of this is based on the fact that you shall render conscientious service during the next five years, unless a sale as above set forth occurs sooner, should you remain in our employ this long, and that you shall contribute something beyond the ordinary call of duty that one would expect in the job that you are doing, and that you are not discharged for some act on your part that would not be considered a part of your ordinary line of duty. This is also provided that you do not do any work for anyone else during this period without our written consent.
In the event that we decide that we must at any time part with your services during this period purely voluntary on our part, which we reserve the right to do at any time or in the event that we can no longer afford your services, this agreement still would remain in full force and effect; and unless you are discharged for any of the dischargable [sic] duties, the profit share arrangement as above set forth would still remain in full force and effect in future; and, of course, provided that you accept these provisions above set forth in the line below affixed for your signature and you agree that this letter may only be modified in writing. (Emphasis supplied)
In his deposition, affidavit in opposition to defendants' motion for summary judgment and answers to requested admissions facts are alleged suggesting that he was not discharged for "any of the dischargeable duties", that he did not leave his employment voluntarily within the meaning of the above provisions but rather that defendants voluntarily decided to part with his services or could no longer afford his services.
Neither the contractual provisions nor the facts in the pleadings, affidavits and depositions can be recommended as a model of clarity in framing clear cut issues for determination. However, whether or not appellant's termination was "voluntary", the nature and effect of the compensatory arrangement, and other questions under the contract and dealings of the parties were adequately asserted on the one hand and denied on the other, thereby presenting material issues of fact not resolvable by summary judgment.
The fact that the appellant's affidavit rather than his complaint did more to raise the principal issues is not fatal. Where affidavits submitted pursuant to a motion for summary judgment show that there exist genuine issues of material fact, the court may and should look beyond the issues presented in the pleadings. Forte v. Tripp & Skrip, 339 So.2d 698, 700 (Fla. 3d DCA 1976); see Sorrells v. Mullins, 303 So.2d 385 (Fla. 3d DCA 1974). As pointed out in Forte, supra, the rule is "that a party should not be deprived of his full day in court by summary proceedings, if the record indicates that he has a bona fide potential cause of action or defense." 339 So.2d at 700. See Gold Coast Crane Service, Inc. v. Watier, 257 So.2d 249 (Fla. 1971); Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963); Roberts v. Braynon, 90 So.2d 623 (Fla. 1956).
*143 We affirm the summary judgment but without prejudice to the appellant to file amendments to the complaint, consistent with the procedure approved by the supreme court in Roberts v. Braynon, supra, and more recently reaffirmed by that court in Gold Coast Crane Service, Inc. v. Watier, supra.
GRIMES and SCHEB, JJ., concur.