367 So.2d 1036 (1979)
Robert BLEEMER and Bleemer & Levine, Inc., Appellants,
v.
KEENAN MOTORS, INC., Appellee.
No. 78-738.
District Court of Appeal of Florida, Third District.
January 30, 1979.
Rehearing Denied March 16, 1979.
*1037 Cypen & Nevins and Arnold Nevins, Miami Beach, for appellants.
Fowler, White, Burnett, Hurley, Banick & Knight and John R. Kelso, Miami, for appellee.
Before PEARSON, BARKDULL and HUBBART, JJ.
PEARSON, Judge.
The defendants Robert Bleemer and Bleemer & Levine, Inc., appeal a summary final judgment for $29,465.36, the balance of a purchase price for a Rolls Royce automobile. We hold that there is a genuine issue of material fact as to whether these defendants were the purchasers of the automobile and we reverse.
Bleemer & Levine, Inc., a Miami architectural firm, was retained by Howard Garfinkle to render architectural and design services for a New Jersey project then being developed by Garfinkle. Instead of paying cash for the services, Garfinkle offered to pay for the services by purchasing a new Rolls Royce automobile for each of the parties. The agreement for this unusual payment for the services was accepted and partner Levine received his Rolls Royce without incident.
The Rolls Royce that was to be the property of Robert Bleemer is the subject of this case. Bleemer went to the Philadelphia showroom of Keenan Motors, Inc., selected the car he wanted and proceeded to complete the sale. While he was there, he orally explained that the car was being purchased for him by Howard Garfinkle. After telephone conversations with Garfinkle's office, a Mr. Kravetz, a Garfinkle employee, gave a check for $5,000 for the down payment on the automobile. The automobile was not delivered that day. Bleemer signed all the papers necessary for him to receive the automobile and all of these papers[1] showed Bleemer and/or Bleemer & Levine, Inc., as the purchasers of the automobile. Later, the automobile was delivered to Bleemer in Miami, Florida, but before it was delivered, Keenan Motors received a check for the balance of the cost of the automobile. This check was in the amount of $23,290.00 and was made to the order of Keenan Motors by Mr. Garfinkle.
One of the strange circumstances of this case was that the check was not cashed. Over six months later, when it was presented to the bank, it turned out to be worthless. Thereafter, Mr. Garfinkle was declared a bankrupt. Several months later, the instant action for damages was brought for the balance due on the automobile, *1038 breach of contract, and interest on the balance due. Alternatively, the plaintiff sought equitable relief in the form of rescission of the contract and restoration of the automobile (together with reasonable compensation for use and depreciation) or for the balance remaining on the purchase price, plus interest, fees and costs. After the taking of depositions and the submission of affidavits, the trial court entered the summary final judgment which is the subject of this appeal. The judgment awards the plaintiff, Keenan Motors, Inc., the balance of the purchase price of the automobile from the firm of Bleemer & Levine, Inc.
First, it should be noted that the judgment clearly shows that the purchaser of the automobile was Bleemer & Levine, Inc., and not Robert Bleemer, individually. Therefore, Robert Bleemer himself is not a proper party to this appeal.
The question of law presented here is whether the defendants' claim that Garfinkle was the purchaser violates the parol evidence rule by seeking to show agreements which were merged into the contract of sale. Ordinarily, representations and negotiations which precede and accompany the making of contracts are presumed to have merged into the written contract. Financial Federal Savings and Loan Association of Dade County v. Continental Enterprises, Inc., 338 So.2d 907, 908 (Fla.3d DCA 1976). And see Jacksonville Paper Co. v. Smith & Winchester Mfg. Co., 147 Fla. 311, 2 So.2d 890, 892 (1941); and All-Dixie Insurance Agency, Inc. v. Moffatt, 212 So.2d 347, 350-351 (Fla.3d DCA 1968).
The defendants, on the other hand, urge that there are factors other than the oral testimony of the contents of the contract which in this instance would show that Garfinkle was the purchaser. We think that the governing principle is that the rule which prohibits the introduction of parol evidence to vary a written instrument has no application where the legal existence or binding force of the instrument is in question. White v. White, 183 Kan. 162, 326 P.2d 306, 311 (1958). And cf. Watson v. McGee, 348 So.2d 461, 464 (Ala. 1977). We hold that the oral testimony concerning the facts and circumstances surrounding this sale are such that there is a reasonable inference that Bleemer & Levine, Inc., was not the purchaser. Accordingly, the summary judgment is reversed and the cause remanded.
Reversed and remanded.
BARKDULL, J., dissents.
NOTES
[1] (a) Keenan Motors, Inc., Purchase Order

(b) Application for Certificate of Title and/or Vehicle Registration (State of Florida)
(c) Importer's and Manufacturer's Statement of Origin to a Motor Vehicle
(d) Invoice to Bleemer & Levine, Inc.
(e) Warranty Acknowledgement