382 So.2d 888 (1980)
DEAL FARMS, INC., and Charles Allen, Appellants,
v.
FARM & RANCH SUPPLY, INC., Appellee.
No. OO-207.
District Court of Appeal of Florida, First District.
April 30, 1980.
*889 Robert B. Staats, Panama City, for appellants.
Elaine N. Duggar, of Gardner, Shelfer, Mendelson & Duggar, Tallahassee, for appellee.
LARRY G. SMITH, Judge.
Appellants, Deal Farms, Inc. and Charles Allen, seek reversal of a final judgment dismissing their suit against appellee Farm and Ranch Supply, Inc. In their complaint, appellants sought damages for appellee's delivery of certain farm equipment allegedly differing from that ordered by appellant, Charles Allen, in behalf of Deal Farms and Allen, as joint venturers. Allen relies for reversal upon the contention the trial court erred in ruling that the existence of a written purchase order, signed by Allen, precluded Allen from testifying that the purchase order was in blank form when he signed it, and that the farm equipment later described in the purchase order was not what he had verbally ordered in his earlier conversation with appellee's salesman. Deal Farms relies for reversal upon its contention that the court's entry of summary judgment finding that it was not entitled to maintain the action was erroneous, because the complaint alleged that Deal Farms and Allen were joint venturers, hence both were entitled to maintain the suit against appellee, even though only Allen had any dealings with appellee, and Deal Farms' relationship with Allen was not disclosed to appellee. We find error as to both appellants, and reverse.
Allen testified in his deposition that he orally ordered some farm equipment from appellee's salesman, which included two grain drills with double openers, and a planter with a monitoring device. He also testified that he later went to appellee's place of business, where he delivered a check for the full purchase price, and signed a blank purchase order form. The signed purchase order itself, when produced before the trial court, contained a description of farm equipment, but it called for two grain drills with single openers, and a planter with no monitoring device. On the morning the case was set for trial, the trial court granted appellee's motion in limine, ruling that under the parol evidence rule, appellants could not present any evidence of prior oral negotiations or conversations relating to the ordering of the farm equipment, and could not present any evidence that the farm equipment ordered differed from that shown in the written purchase order. The trial court subsequently granted appellee's oral motion for summary judgment against Allen. Deal Farms had already been eliminated as a party plaintiff by the trial court's pre-trial summary judgment, the details of which will be mentioned later.
We find that the trial court erred in applying the parol evidence rule precluding Allen from testifying that the purchase order was merely a blank form, with no writing describing farm equipment, when he signed it. Allen's testimony on this point is uncontroverted in the record before us. Whether the instrument he signed was, or was not, a blank form is therefore an issue of fact to be resolved at the trial. Appellee argues in support of the trial judge's ruling, that parol evidence may not be considered to alter a writing which is clear and unambiguous on its face; that a party cannot defend against a written contract on the ground that he signed it without reading it; and that a prior or contemporaneous oral agreement is inadmissible to vary, contradict, or add to a written contract intelligible on its face. Although we agree with these well-settled principles, they are not pertinent to the issue here which is  what was signed by Allen: A blank purchase order, or a fully completed document? The fallacy in appellee's argument is that it assumes the existence of a *890 fully completed written document. Of course, it is true that the purchase order, as of the time it was presented in court, was a "written purchase order" (as the document is described in appellee's brief, page 10). The issue, however, is the contents of the document when it was signed by Allen. We know of no authority, and none has been cited by appellee, standing for the proposition that a party may be prevented from testifying, if that is the case, that a purported written contract was nothing but a blank piece of paper when signed by him. Although one may envision circumstances under which a party might be precluded by waiver or estoppel from so testifying, there are no such circumstances presented by the case before us. Here, the issue is whether there was actually a written contract, not whether the contract correctly reflects the agreement of the parties. The parol evidence rule presupposes an action involving an existing valid contract  that is, a contract in force as a binding obligation. If the issue is as to the existence or validity of the alleged contract, the rule, by its very terms, has no application, and extrinsic evidence is admitted to determine that issue, whether such evidence tends to establish the validity or invalidity of the contract in question. 30 Am.Jur.2d, Evidence, § 1016; 13 Fla.Jur., Evidence, § 392; Atwell v. Western Fire Insurance Co., 120 Fla. 694, 163 So. 27 (1935); Bleemer v. Keenan Motors, Inc., 367 So.2d 1036 (Fla. 3rd DCA 1979). In the Atwell case, where blank amounts were left in an otherwise valid covenant to procure and keep insurance, parol evidence was allowed to explain how much insurance was intended to be carried, as well as to explain the circumstances surrounding the making of the agreement. In the Bleemer case, parol evidence was held admissible to show that a corporation, although shown on the contract and title documents as the purchaser, was not the actual purchaser of the automobile. In Richards v. Day, 137 N.Y. 183, 33 N.E. 146 (1893), parol evidence that a bond sued on was executed in blank and was filled up contrary to direction was held admissible under a simple denial of execution and delivery. See also Western National Insurance Co. v. Trent, 69 Nev. 239, 247 P.2d 208 (1952).
We have not overlooked appellee's contention that the testimony of the manager of FICO Farms, Inc., appears to contradict that of Allen with respect to the type of equipment ordered. But conflicts in the evidence must be resolved at trial, not on motion for summary judgment. Moreover, this evidence goes to the merits of appellants' claim, not to the issue of whether there was a written contract. The summary judgment against Allen precluded consideration of the merits. We accordingly find error and reverse.
Turning to the summary judgment dismissing Deal Farms as a party plaintiff, we note again the allegations of the complaint that Allen and Deal Farms were joint venturers in a farming operation, and that the farm equipment was ordered from appellee in furtherance of the joint venture. Despite these allegations, the trial court granted summary judgment against Deal Farms, basing this ruling upon the affidavit of appellee's salesman, who stated that there was no dealing with anyone other than Allen, and that he had no knowledge of the interest of Deal Farms in the purchase. We think that the interest of Deal Farms, as alleged, was sufficient to support its standing to appear as a party plaintiff, and it was error for the trial court to rule otherwise.
The relationships of joint venture and partnership are similar and governed by the same rules of law, although distinguishable in certain respects. See 8 Fla. Jur.2d, Business Relationships, § 681, and cases therein cited. Although it may be developed by further pleading and proof that the relationship between the plaintiffs here was not truly that of "joint adventurers", we conclude that it is not essential to the maintenance of this action that appellee would be required to have knowledge of the interest of Deal Farms in the purchase of the farm equipment. The nature of the relationship between joint adventurers and third parties is stated in 8 Fla.Jur.2d, Business Relationships, § 691, as follows:

*891 A contract of joint adventure is in effect one of mutual agency, each adventurer acting as a principal in his own behalf and as agent for his co-adventurer. Each one of several joint adventurers has the power to bind the others in matters that are strictly within the scope of the joint enterprise. Such power is inherent in the relationship. It follows that a third party who enters into contractual relations with one of several joint adventurers may hold all co-adventurers liable, even though they were unknown to him when the contract was signed, providing the contracting joint adventurer does not exceed the scope of his authority... .
We think the rule of joinder applicable to partnerships also applies to joint adventurers, and that actions in behalf of the joint venture may be brought in the names of all of the joint adventurers. Rule 1.210, Florida Rules of Civil Procedure, provides for actions to be prosecuted by the real parties in interest. It has been recognized that partners must be joined as indispensable parties plaintiff, as suggested by the court in Aronovitz v. Stein Properties, 322 So.2d 74 (Fla. 3rd DCA 1975). See also Engel Mortgage Company v. Dowd, 355 So.2d 1210 (Fla. 1st DCA 1977). Under special circumstances it has been held that a partnership may sue in the firm name, as in Pinellas County v. Lake Padgett Pines, 333 So.2d 472 (Fla. 2nd DCA 1976).
Finally, appellee asserts that the summary judgment dismissing the complaint as to Deal Farms was a final, appealable order which was not timely appealed within thirty days of its rendition. On the state of the record before us, we conclude otherwise. The final judgment, as to which this appeal is timely, recites that it is based upon an order granting the motion for summary judgment dismissing Deal Farms. The order granting summary judgment is virtually identical to the order in Shupack v. Allstate Ins. Co., 356 So.2d 1298 (Fla. 3rd DCA 1978), which was held to be merely authorization for a summary judgment, not a final judgment, nor an order from which interlocutory appeal would properly lie. See also Kessler v. Gumenick, 358 So.2d 1167 (Fla. 3rd DCA 1978); Rule 9.130, Florida Rules of Appellate Procedure. We therefore conclude that we have jurisdiction of Deal Farms' appeal.
REVERSED AND REMANDED.
McCORD and SHIVERS, JJ., concur.