419 So.2d 356 (1982)
Maxwell Owen MONROE, a/K/a Maxwell Owen Munroe, and Karen Gaye Monroe, a/K/a Karen Gaye Munroe, His Wife, Appellants,
v.
Clark APPELTON, Edmund Joseph Walters, and Allan Wilkins, As Committees of the Estate of Clarence Norman Appelton, Appellees.
No. 81-2521.
District Court of Appeal of Florida, Second District.
September 10, 1982.
John Turnbull and Milton D. Jones, Clearwater, for appellants.
R. Timothy Peters of Goza, Hall & Peters, Clearwater, for appellees.
CURTIS, CLINTON A., Associate Judge.
Appellants, the Monroes, are appealing a final summary judgment which awarded $100,000 to appellees. They contend the trial court erred in determining there was no genuine issue of fact as to the pleading issues and in granting appellees' motion for summary judgment. We agree and reverse.
In November 1977 the Monroes received $100,000 from Clarence Appelton, Mrs. Monroe's uncle. There was no note or mortgage given in return for the money. On May 21, 1978, the Monroes executed and delivered two letters, which referred to the money as "loaned" for the down payment on a motel in Clearwater Beach, Florida, to Mr. Appelton. Each letter stated that "[r]epayment of loan to be discussed and agreed upon between my Uncle Mr. C.N. Appelton and Niece Karen G. Monroe."
In January 1981 appellees filed an amended complaint alleging that appellants owed $100,000 for money loaned to them in November of 1977. The appellants' answer denied that there was ever a loan. At her deposition, Mrs. Monroe testified that her *357 uncle wanted the Monroes to buy a motel on Clearwater Beach. She testified that Mr. Appelton put up $100,000 to complete a cash purchase of the motel. Her deposition clearly stated that the money was a gift from her uncle which was not to be repaid. She stated that the two letters of May 21 were written at her uncle's request in order to assist him with a Canadian gift tax problem. She also named other parties that could substantiate her testimony that the money was a gift. Mr. Monroe's deposition supported this testimony. However, there was no written evidence which would show that the money was a gift.
On August 21, 1981, appellees filed their motion for summary judgment. Attached to the motion was an affidavit of E.J. Walters (Mr. Appelton's Canadian attorney) and a copy of the two letters signed by the Monroes. Walters' affidavit stated that he had received the May 21 letters and that Mrs. Monroe had acknowledged a debt to Mr. Appelton when she spoke to Walters over the phone. The Monroes' affidavits were filed in opposition to the motion for summary judgment.
After hearing on the motion for summary judgment, final judgment was entered awarding $100,000 to appellees. This appeal ensued.
The question before us is whether there was a genuine issue of fact in the pleadings before the lower court. We think so, and reverse. It is well settled that a summary judgment is not a substitute for a trial and caution should be exercised in foreclosing a party from the benefit of a trial. The function of the court in passing on a motion for summary judgment is simply to determine whether a genuine issue exists and whether such issue is material; it does not determine the issue. Ham v. Heintzelman's Ford, Inc., 256 So.2d 264 (Fla. 4th DCA 1971). A party should not be deprived of his full day in court by summary proceedings if the record indicates that he has a bona fide potential cause of action or defense. Beckerman v. Greenbaum, 347 So.2d 141 (Fla. 2d DCA 1977).
In the proceedings below the appellees contended that the parol evidence rule precluded consideration of Mrs. Monroe's claim that her uncle advanced the money to her as a gift and it was not intended as a loan. She testified that the writings describing the transaction as a loan were prepared to assist her uncle in solving a gift tax problem. According to her, neither party intended a loan, and the writing was not intended to be a valid contract. Parol evidence is admissible to determine if a writing is intended to create a binding obligation. Until a writing is proved to be a valid and binding obligation between the parties, the parol evidence rule is not applicable. Deal Farms, Inc. v. Farm & Ranch Supply, Inc., 382 So.2d 888 (Fla. 1st DCA 1980).
The pleadings and affidavits in the instant case form a simple issue  whether the $100,000 advanced in November 1977 was a gift or a loan. The appellees have failed to carry their burden of showing conclusively the absence of any genuine issue of material fact. See Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). Where affidavits submitted pursuant to a motion for summary judgment show that there is a genuine issue of material fact, the court may and should look beyond the issues presented in the pleadings. Beckerman v. Greenbaum.
We hold that the question of whether the $100,000 was a gift or a loan presented a genuine issue of material fact, and summary judgment should not have been entered. Therefore, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.