STONE, Judge.
The defendants appeal from a judgment based on a promissory note. The defense centered around the terms of a security agreement allegedly executed contemporaneously with the promissory note. However, an agreement was not located and the plaintiff contends that it never existed. The trial court refused to admit a blank standard form of a security agreement into evidence because the defendants failed to satisfy the court that it had ever been drafted or executed.
The issue framed on appeal by the defendants was whether the existence of the security agreement could be established by parol evidence. The record reveals that the trial court did consider all of the testimony and argument presented concerning the actual existence of a security agreement. Much of that evidence was conflicting and ambiguous.
Although there was evidence supporting the existence of the document, the trial court concluded that its existence had not been proven. That being the case, there was no error in the trial court’s failing to consider the evidence of the terms of the alleged security agreement in adjudicating the plaintiffs claim under the promissory note.
The parol evidence issue, as raised by appellants, is thus inapposite. In Deal Farms, Inc. v. Farm & Ranch Supply, Inc., 382 So.2d 888 (Fla. 1st DCA 1980), the issue before the court was whether there was actually a written contract between the parties. The court stated:
Here, the issue is whether there was actually a written contract, not whether the contract correctly reflects the agreement of the parties. The parol evidence rule presupposes an action involving an existing valid contract — that is, a contract in force as a binding obligation. If the issue is as to the existence or validity of the alleged contract, the rule, by its very terms, has no application, and extrinsic evidence is admitted to determine that issue, whether such evidence tends to establish the validity or invalidity of the contract in question.
Id. at 890. See also Bleemer v. Keenan Motors, Inc., 367 So.2d 1036 (Fla. 3d DCA 1979) (the rule which prohibits the introduction of parol evidence to vary a written instrument has no application where the legal existence or binding force of the instrument is in question).
The evidence lent itself to differing inferences. The appellant has failed to prove an *324 abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We should not substitute our judgment for that of the trial court by reweighing disputed testimony. Raheb v. Di Battisto, 483 So.2d 475 (Fla. 3d DCA 1986). The judgment is, therefore, affirmed.
GUNTHER, J., concurs.
ANSTEAD, J., dissents with opinion.