PER CURIAM.
By this appeal, we are asked to review a final judgment entered after the trial court granted the defendant’s motion for summary judgment. This action for payment of a debt was brought against the estate of the sole officer of a dissolved corporation within three years after dissolution of the corporation and was based upon an alleged corporate liability incurred prior to the corporation’s dissolution. Because we find that the plaintiff upon amending her com *1336 plaint will have a bona fide cause of action, we affirm without prejudice to her right to amend upon remand.
Constance Gulotty brought an action against the estate of Bruce Wilkie following the denial of her claim in a separately filed probate proceeding, contending that prior to his death Wilkie owed her $35,-636.89 as a result of Wilkie’s purchase of a liquor license and lounge encumbered by a chattel mortgage in her favor. In 1979, Gulotty sold the license and equipment to a Toni’s Lounge, Inc. (Toni’s). Wilkie purchased Toni’s in March 1981 and acted as president of the lounge until his death. At the time of the purchase, the closing statement for that transaction reflected a first mortgage due Mrs. Gulotty. Shortly after Wilkie’s purchase, Toni’s equipment was destroyed by fire. Wilkie then sold the corporation’s sole remaining asset, the liquor license. In December 1982, Toni’s was involuntarily dissolved by the Secretary of State for failure to pay certain fees. Several months later Wilkie died. Gulotty commenced suit against his estate in May 1985 for nonpayment of the mortgage.
Section 607.301, Florida Statutes (1981). provides that the directors of a corporation at the time of its dissolution shall thereafter be and constitute a board of trustees for any property owned or acquired by a corporation. The trustees of a dissolved corporation are required to apply the property or interest therein to the payment of any corporate debts, liabilities, or obligations known to them. Section 607.301 further provides that the trustees shall continue as trustees of the dissolved corporation for a period of three years after dissolution. See Ruina v. Russell, 369 So.2d 642 (Fla. 3d DCA), (action for breach of contract against last board of directors of a dissolved corporation within three years after dissolution and based upon an alleged corporate liability incurred prior to dissolution held proper), cert. denied, 379 So.2d 209 (Fla.1979); United States Fire Ins. Co. v. Morejon, 338 So.2d 223 (Fla. 3d DCA 1976), (where sole stockholder liquidated corporation and received all assets, he was required to maintain sufficient funds to pay claims of creditors and was individually liable to plaintiff who obtained judgment against the corporation prior to its dissolution), cert. denied, Rebozo v. Morejon, 345 So.2d 426 (Fla.1977).
Pursuant to section 607.301, Florida Statutes (1981) and the authorities cited above, Wilkie was under a statutory obligation to maintain a sufficient amount of the dissolved corporation’s assets in order to pay the claims of its creditors. The properties of the corporation constituted a fund for the payment of the corporation’s debts, and Wilkie, as sole director, was charged with managing such fund for the interest of Toni’s creditors.
The estate contends that Gulotty failed to raise the issue of whether Wilkie was individually liable to her as a result of Toni’s dissolution. While Gulotty’s complaint did not allege reliance upon section 607.301, Florida Statutes (1981), it is apparent from the depositions, affidavits, and other documents that such a claim could have been made. It is proper to look beyond the pleadings in order to determine whether facts giving rise to a right to judicial relief have been demonstrated. Forte v. Tripp & Skrip, 339 So.2d 698, 700 (Fla. 3d DCA 1976). When the record reveals that a party does have a cause of action, it is then premature for this court to affirm the summary judgment without prejudice to the right to amend in the trial court on remand. Id., see also Sorrells v. Mullins, 303 So.2d 385 (Fla. 3d DCA 1974). See generally Fla.R.Civ.P. 1.190.
Accordingly, the summary judgment under review is affirmed, with directions. Upon this matter being returned to the trial court, the plaintiff may file such amendment to her pleadings as she may be advised.
AFFIRMED WITH DIRECTIONS.