PER CURIAM.
We affirm the summary judgment without prejudice to Minnehoma Automobile Association, Inc., to amend its pleadings to name the real party in interest and to establish that party’s actual damages. See Allen v. Port Everglades Authority, 553 So.2d 1341 (Fla. 4th DCA 1989); Gulotty v. Estate of Wilkie, 532 So.2d 1335 (Fla. 3d DCA 1988); Forte v. Tripp & Skrip, 339 So.2d 698 (Fla. 3d DCA 1976).
Our decision does not conflict with the holding of the Florida Supreme Court in Dober v. Worrell, 401 So.2d 1322 (Fla.1981) (appellate court not permitted to rule on merits of trial court judgment and then permit losing party to amend initial pleadings to assert matter not previously raised), or with Arky, Freed, et al. v. Bowmar Instrument Corp., 537 So.2d 561 (Fla. 1988) (same). The issues and facts alleged in the initial complaint are the same ones the appellee would confront on remand in defending against an amended complaint naming the real party in interest. It is also apparent that appellee knew who was the proper real party in interest in this case. Specifically, at the hearing on the motion for summary judgment, Seidle’s Nissan argued that Minnehoma Automobile Association, Inc., did not have standing to sue because it was Minnehoma Insurance, the parent company, which actually paid Seidle Nissan’s claims. Clearly, therefore, the ap-pellee will not be prejudiced by our decision today. See Wackenhut Protective Systems v. Key Biscayne Commodore Club, Condominium I, Inc., 350 So.2d 1150 (Fla. 3d DCA 1977) (where issues and facts alleged in amended complaint are same ones appellee confronted in defending against original complaint, appellee would suffer, at most, only slight prejudice, and certainly not substantial prejudice as a result of the amended complaint); Rubenstein v. Burleigh House, Inc., 305 So.2d 311 (Fla. 3d DCA 1974) (amended complaint which added new party plaintiffs did not create new cause of action and no prejudice resulted where appellee knew who the real parties in interest were).
• Affirmed and remanded with directions.