569 So.2d 941 (1990)
Emanuel FEIGIN, Appellant,
v.
HOSPITAL STAFFING SERVICES, INC., a Florida Corporation, Appellee.
No. 89-2366.
District Court of Appeal of Florida, Fourth District.
November 21, 1990.
David K. Friedman of Dilworth, Paxson, Kalish, Kauffman & Tylander, Boca Raton, for appellant.
Robin Corwin Campbell of Atlas, Pearlman & Trop, P.A., Fort Lauderdale, for appellee.
*942 PER CURIAM.
Emanuel Feigin appeals the dismissal of his third amended complaint against Hospital Staffing Services, Inc. We affirm as to all issues.
Since appellant abandoned his fraud count in the third amended complaint, this court need not address the dismissal of the fraud count in the original complaint. Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984). Furthermore, the trial court did not abuse its discretion by failing to allow appellant to file a revised fourth amended complaint, Brown v. Montgomery Ward & Co., 252 So.2d 817, 819 (Fla. 1st DCA 1971), cert. denied, 257 So.2d 561 (Fla. 1972) or by staying appellant's discovery depositions pending the motion to dismiss hearing. Brown v. Brown, 500 So.2d 655, 656 (Fla. 1st DCA 1986). Although Tarpon Temporary Sewer Comm., Inc. v. City of Tarpon Springs, 345 So.2d 407 (Fla. 2d DCA 1977) indicates that courts should allow leave to amend for counts asserted for the first time, we believe that the trial court was permitted to dismiss the civil theft of trade secrets and breach of fiduciary duty counts for failure to state a cause of action. Refusal to grant leave to amend was not an abuse of the court's discretion since this was the seventh complaint filed over a four-year period and the record clearly reflects the court's warning that this was the plaintiff's "last bite at the apple." Clay v. City of Margate, 546 So.2d 434 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (1989); Cohen v. American Home Assurance Co., 367 So.2d 677 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (1979).
LETTS, STONE and GARRETT, JJ., concur.