ALTENBERND, Judge.
We reverse the final summary judgment in favor of the plaintiff, Steven M. Le-Jeune, in his action to recover termination pay under the terms of an employment contract with the defendants, collectively referred to as Fidelity. Although Mr. Le-Jeune’s employment contract clearly provides for termination pay, there is a genuine issue of material fact whether Fidelity’s actions constituted a “termination” of Mr. LeJeune.
Mr. LeJeune entered into a three-year executive employment contract with Fidelity on April 25, 1988, to establish and run a mortgage brokerage company in Florida. He was hired to be the president and chief executive officer of Fidelity. His contract provided a base salary of $60,000 and contained a lengthy “terminal pay” clause that generally provided for a payment of $60,-000 “in the event of the termination of [Mr. LeJeune] by [Fidelity] in the first three years.”
In the fall of 1990, the directors and investors in Fidelity decided to close the office. Mr. LeJeune was advised to terminate loan processors and other employees in October 1990. With the possible exception of Mr. LeJeune, all employees of Fidelity were terminated by mid-December.
If Fidelity terminated Mr. LeJeune in December, it would owe him $60,000 as termination pay. If it employed him to the end of April 1991, it would owe a lesser amount as base pay. Fidelity maintains that it never formally terminated Mr. Le-Jeune and that he continued to have functions to perform as a chief executive officer during a “wrap-up” period after the other employees were dismissed.
We conclude the issue of termination involves a factual dispute and that differing inferences can be drawn from some of the undisputed facts. Accordingly, this case is not appropriate for summary judgment. Cf. Mullan v. Bishop of the Diocese of Orlando, 540 So.2d 174 (Fla. 5th DCA 1989) (summary judgment in favor of employer improper concerning “voluntary” nature of resignation); Burroughs Corp. v. American Druggists’ Ins. Co., 450 So.2d 540 (Fla.2d DCA 1984) (summary judgment is proper only where facts concerning scope of employment and inferences drawn from those facts lead to but one conclusion); Beckerman v. Greenbaum, 347 So.2d 141 (Fla. 2d DCA 1977) (summary judgment improper on disputed issue of “voluntary” termination). Because of this disposition, Mr. LeJeune’s cross-appeal of the denial of his motion for attorney’s fees is moot.
Reversed and remanded for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.