JUSTICE GRAY
specially concurring.
I concur in the Court’s opinion, but feel compelled to address certain arguments advanced by American National (AN) in hopes of offering guidance or additional clarity in these difficult cases involving both a coverage question and questions of violations of § 33-18-242, MCA, of Montana’s Unfair Trade Practices Act (the Act).
I begin by stating my view that Dees presented sufficient evidence in the form of documents, other witnesses not interviewed by AN and photographs to establish a violation of § 33-18-201(4), MCA, which forms the basis for this independent action brought pursuant to § 33-18-242, MCA. Such a violation must be established by proof that an insurer refused to pay a claim “without conducting a reasonable investigation based upon all available information.” “Reasonableness” generally is a question of fact in Montana, and a jury could conclude, on the basis of Dees’ evidence, that AN’s investigation was not reasonable based upon all available information.
AN argues that no violation of the investigation requirement was established because Dees did not present any expert testimony that general adjustment procedures and practices were not followed and/or that industry standards relating to claims investigation and *450 adjustment were not met. At least implicitly, it urges us to adopt a requirement that a plaintiff offer expert testimony in these regards to establish a violation. We have not done so previously, and AN’s arguments do not persuade us to do so here. This is not to say, however, that an insurer cannot introduce appropriate testimony or other evidence in attempting to negate proof of a violation of the Act based on denial of a claim without a “reasonable investigation based on all available information.” Particularly where, as here, an insurer is faced with the possibility of punitive damages, it might well wish to do so.
I note, in this regard, that any such testimony or evidence would necessarily have to be relevant to the statutory language at issue. For example, if the industry standard required only that an adjuster consult a reference manual of some kind in order to determine whether hail damage occurred to a particular field, such an industry standard likely would be irrelevant under the “reasonable investigation based on all available information” standard required by § 33-18-201(4), MCA.
In addition to its arguments surrounding the “reasonable investigation” issue, AN presents arguments and cases seeking a more objective standard for the “reasonable basis in law or in fact” defense to liability under the Act. To clarify an initial point, I note that AN states several times that if it had a reasonable basis for contesting the claim, it cannot be found to have violated the Act. I disagree with this interpretation. As I read § 33-18-242, MCA, a jury could find violations of the Act and still determine that an insurer was not liable under the Act (for actual or punitive damages) on the basis that the insurer had established the “reasonable basis” defense. This distinction, which may seem hypertechnical, is important to the following discussion.
AN urges us to adopt a more objective standard of “reasonableness” than currently exists. Specifically, it urges a return to the Britton standard of “unwarranted, unreasonable, and without justification.” See Britton v. Farmers Ins. Group (1986), 221 Mont. 67, 721 P.2d 303. As AN concedes, however, Britton was a pre-§ 33-18-242, MCA, case. The case before us is a statutory claim. Furthermore, Britton was a “bad faith” case and § 33-18-242(3), MCA, explicitly prohibits bringing an action for bad faith in connection with the handling of an insurance claim. Thus, Britton has no application here.
Similarly, AN urges us to apply the “Dutton” or “Anderson” rule to the “reasonable basis” language contained in § 33-18-242(5), MCA. In *451 National Sav. Life Ins. Co. v. Dutton (Ala. 1982), 419 So.2d 357, the Alabama Supreme Court required that a plaintiff bringing a “bad faith refusal” claim must prove a company had no legal or factual defense. The Wisconsin Supreme Court applies a similar standard to bad faith refusal to pay claims: among other things, a plaintiff must show the absence of a reasonable basis for denying benefits of a policy. See Anderson v. Continental Ins. Co. (Wis. 1978), 271 N.W.2d 368.
The first problem in adopting the “Dutton” or “Anderson” rule is the same as that noted above regarding Britton: Dutton and Anderson were bad faith cases. The case before us is a statutory claim which does not necessarily correspond in all respects to bad faith cases.
Even more important, however, to adopt the “Dutton” or “Anderson” rule would require this Court to ignore the structure and language of § 33-18-242, MCA, in its entirety, and subsection (5) thereof in particular. The “reasonable basis” for denying a claim is a defense to liability under § 33-18-242, MCA. Therefore, the “reasonable basis” defense contains no burden of proof to be met by a plaintiff; as is the case with defenses generally, the party asserting the defense has the burden of establishing it by a preponderance of the evidence. Application of the “Dutton” or “Anderson” rule would impose an affirmative duty on the plaintiff to disprove the existence of a “reasonable basis” to deny the claim. We cannot insert such a nonexistent burden into the statute; nor should we, given that the “reasonable basis” position is a defense to liability. The positions advanced by AN are legislative matters, not matters appropriate for judicial grafting onto existing statutes.
Aplaintiff who brings an action under § 33-18-242, MCA, may seek actual and punitive damages; both kinds of damages available in such an action are different from damages which may be awarded in a breach of contract claim for policy coverage. Actual damages may be awarded to the extent they “were proximately caused by the violation of subsection (1), (4), (5), (6), (9), or (13) of § 33-18-201.” Section 33-18-242(4), MCA.
A plaintiff can recover punitive damages under § 33-18-242, MCA, only upon several proofs: (1) a plaintiff must establish by a preponderance of the evidence that the insurer violated one or more specified subsections of § 33-18-201, MCA; and (2) a plaintiff must establish by clear and convincing evidence that the insurer acted with actual malice or actual fraud as defined in § 27-1-221, MCA. If a plaintiff meets these burdens, she or he may be awarded punitive damages.
*452 An insurer can avoid an award of actual, or proximately caused, damages under § 33-18-242, MCA, by establishing that its conduct did not violate any of the specified subsections of § 33-18-201, MCA. Because imposition of punitive damages requires the two proofs set forth above, an insurer may avoid the imposition of punitive damages by establishing either that it did not violate the specified subsections or that it did not act with actual fraud or malice.
Finally, even if violations and actual fraud or malice are established, an insurer still may assert that it had a reasonable basis for contesting the claim made under the insurance policy. If an insurer can establish such a reasonable basis, it may not be held liable under § 33-18-242, MCA, at all. In other words, provided an insurer can prove to the satisfaction of the finder of fact that it had a reasonable basis for denying the claim, § 33-18-242(5), MCA, provides a complete defense to both actual and punitive damages under the Act.
Because reasonableness is a question of fact, it is for the trier of fact to weigh the evidence and judge the credibility of the witnesses in determining whether the insurer had a “reasonable basis” for denying a claim. Thus, such determinations generally must be based on the facts and circumstances of each case.
CHIEF JUSTICE TURNAGE and JUSTICE NELSON join in the foregoing special concurrence of JUSTICE GRAY.