870 So.2d 886 (2004)
Clyde A. OWENS, Appellant,
v.
James L. RIDLEY, Jr., individually; and Taylor Cotton, & Ridley, Inc., a Florida corporation, Appellees.
No. 1D03-939.
District Court of Appeal of Florida, First District.
March 18, 2004.
Rehearing Denied April 28, 2004.
*887 Jack M. Ross, Gainesville, and James H. Sullivan III, Gainesville, for Appellant.
Leonard E. Ireland, Jr., of Clayton-Johnston, P.A., Gainesville, for Appellees.
PER CURIAM.
REVERSED and REMANDED. See Hart Props., Inc. v. Slack, 159 So.2d 236 (Fla.1963); Yun Enters., Ltd. v. Graziani, 840 So.2d 420 (Fla. 5th DCA 2003); Sorrells v. Mullins, 303 So.2d 385 (Fla. 3d DCA 1974). We express no view on the effect of Florida Rule of Civil Procedure 1.110(g), which the defendants argued on appeal but not before the trial court.
KAHN and VAN NORTWICK, JJ., concur.
BENTON, J., dissents with written opinion.
BENTON, J., dissenting.
In some circumstances, "the proper procedure is to enter the summary judgment with leave to the party to amend." Hart Props., Inc. v. Slack, 159 So.2d 236, 240 (Fla.1963) (dicta). When appropriate, an appeals court should "affirm the summary judgment but without prejudice to the plaintiff filing an amendment to the complaint within the facts appearing of record." Sorrells v. Mullins, 303 So.2d 385, 387 (Fla. 3d DCA 1974).
Appropriate circumstances do not, however, obtain in the present case. Appellant seeks a seventh opportunity to plead in a case which has already dragged on since last century. See Fla. Gas Co. v. Arkla Air Conditioning Co., 260 So.2d 220, 221 (Fla. 1st DCA 1972) ("The second point posed by Florida Gas is that the trial court abused its discretion in not permitting it one more opportunity to state a cause of action. `Three strikes are out' in a baseball game; Florida Gas has been at bat four times. Under the most liberal construction of our modern rules, we hold that ample opportunity has been proffered to appellant.").
The present case differs dramatically from Yun Enters., Ltd. v. Graziani, 840 So.2d 420, 423 (Fla. 5th DCA 2003), where "Yun had not amended its complaint prior to its [one and only] request" to do so, but resembles closely Feigin v. Hosp. Staffing Servs., Inc., 569 So.2d 941, 942 (Fla. 4th DCA 1990), where it was held:
Refusal to grant leave to amend was not an abuse of the court's discretion since this was the seventh complaint filed over a four-year period and the record clearly reflects the court's warning that this was the plaintiff's "last bite at the apple." Clay v. City of Margate, 546 So.2d 434 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (1989); Cohen v. American Home Assurance Co., 367 So.2d 677 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (1979).
See also Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992) ("While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion."); Heritage Corp. of S. Fla. v. Small, 457 So.2d 521, 521 (Fla. 3d DCA 1984); Price v. Morgan, 436 So.2d 1116, 1122 (Fla. 5th DCA 1983); Alvarez v. DeAguirre, 395 So.2d 213, 216 (Fla. 3d DCA 1981).
With respect, I do not believe the trial judge abused his discretion in failing to allow the post-judgment amendment sought in the present case. "Although it is highly desirable that amendments to pleadings be liberally allowed so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached." Brown v. Montgomery *888 Ward & Co., 252 So.2d 817, 819 (Fla. 1st DCA 1971).