965 So.2d 298 (2007)
Fred M. JOHNSON, Gwen P. Johnson, Michele E. Eddy, Harry R. Mills, and Twila W. Mills, Appellants,
v.
GULF COUNTY, Florida, a political Subdivision of the State of Florida, and William Joseph Rish, Jr., an individual, Appellees.
No. 1D07-0031.
District Court of Appeal of Florida, First District.
September 18, 2007.
Fred M. Johnson of Johnson, Farrell & Mabile, LLC, Tallahassee, for Appellants.
Timothy J. McFarland, Port St. Joe, for Appellee Gulf County, Florida.
Clifford W. Sanborn and Michael T. Kamprath of Barron, Redding, Hughes, Fite, Sanborn, Kiehn, and Dickey, P.A., *299 Panama City, for Appellee William Joseph Rish, Jr.
PER CURIAM.
Fred M. Johnson, Gwen P. Johnson, Michele E. Eddy, Harry R. Mills, and Twila W. Mills, plaintiffs below, appeal a final order dismissing with prejudice their initial complaint against Gulf County and William Joseph Rish, Jr. for injunctive relief under section 163.3215, Florida Statutes (2006). Because the trial court abused its discretion in dismissing this case without allowing appellants an opportunity to amend, we reverse.
Section 163.3215(3) allows "[a]ny aggrieved or adversely affected party" to bring suit to challenge "any decision of [a] local government granting or denying an application for, or to prevent [the] local government from taking any action on, a development order, . . . which materially alters the use or density or intensity of use on a particular piece of property" inconsistent with that local government's comprehensive plan. Appellants allege that appellee Rish destroyed wetlands and replaced those wetlands with fill in connection with the development of his property located adjacent or proximate to appellants' property in violation of Gulf County's comprehensive plan and allege that the County allows development in wetlands such as Rish's without issuing a development order contrary to Florida law. See § 380.04(f)(g). Appellants assert that, in addition to the claim under section 163.3215(3), they also seek to file a count for common law nuisance. The numerous issues present in this case, however, are either factual issues that are inappropriate for resolution by motion to dismiss, see Meadows Community Association, Inc. v. Russell-Tutty, 928 So.2d 1276, 1280 (Fla. 2d DCA 2006), or issues that were not raised below and preserved for appellate review. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985)("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").
A complaint is not subject to dismissal for failure to state a cause of action "unless the movant can establish beyond any doubt that the claimant could prove no set of facts whatever in support of his claim." Ingalsbe v. Stewart Agency, Inc., 869 So.2d 30, 35 (Fla. 4th DCA 2004) quoting Morris v. Florida Power & Light Co., 753 So.2d 153, 154 (Fla. 4th DCA 2000). Although we do not address the merits of the allegations in appellants' complaint and proposed amended complaint, we certainly cannot say at this early stage of the litigation that appellants could not prove a set of facts that would support their claims. Further, it does not appear that "amendment would prejudice [appellees], the privilege to amend has been abused, or amendment would be futile." Geer v. Jacobsen, 910 So.2d 391, 393 (Fla. 2d DCA 2005)(quoting Carter v. Ferrell, 666 So.2d 556, 557 (Fla. 2d DCA 1995)). Accordingly, we conclude that the trial court abused its discretion in denying appellants' motion for leave to serve an amended complaint.
REVERSED and REMANDED for further proceedings consistent with this opinion.
KAHN and VAN NORTWICK, JJ., Concur, and BENTON, J., Concurs in Judgment with Opinion.
BENTON, J., concurring in the judgment.
I agree the appellants should have another opportunity to plead. See Owens v. Ridley, 870 So.2d 886 (Fla. 1st DCA 2004).